IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:25-MJ-270 (TWD) |
| | ) |
| v. | ) Stipulation and Order |
| | ) for Enlargement of Time |
| **ARGENTINA JUAREZ-LOPEZ,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATION

The United States of America, by and through Assistant United States Attorney Michael F. Perry, and the Defendant, Argentina Juarez-Lopez, by and through counsel, Paul Tuck, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including 45 days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint: September 8, 2025

    b) Date of initial appearance: September 8, 2025

    c) Defendant custody status: In USMS custody

    d) Date United States moved for detention: September 8, 2025

    e) Date of detention hearing: N/A

    f) Date detention decision issued: N/A[1]

---

[1] At initial appearance, the Defendant asked for a detention hearing, which was scheduled to be held on September 11, 2025, but she later waived the detention hearing. *See* Dkt. (Text Notice Sept. 10, 2025).

      g)      Earlier enlargements of time and exclusions under the Speedy Trial Act: None

2)      The United States and the Defendant request this exclusion based on the following facts and circumstances: The Defendant has requested, and the Government has begun providing, pre-indictment discovery, which may be relevant both to the scope of an indictment and to any related motions the Defendant may file. Additional time is needed for additional pre-indictment discovery to be gathered, produced, and analyzed, for the parties to be prepared for indictment. Thus, the parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the Defendant in a speedy indictment and trial because denial of the requested extension would deny counsel for the Defendant and/or for the Government the reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

3)      Accordingly, the parties stipulate and agree that a period of 45 days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B) (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: September 15, 2025

JOHN A. SARCONE III
Acting United States Attorney

By: /s/ Michael F. Perry

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

/s/ Paul Tuck

Paul Tuck, Esq.
Attorney for Argentina Juarez-Lopez
Bar Roll No. 520814

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:25-MJ-270 (TWD) |
| | ) |
| v. | ) |
| | ) |
| **ARGENTINA JUAREZ-LOPEZ,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

A.     The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the Government must file an indictment serves the ends of justice in a manner that outweighs both the public interest and the Defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the Defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the Defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, in that the Defendant has requested, and the Government has begun providing, pre-indictment discovery, which may be relevant both to the scope of an indictment and to any related motions the Defendant may file. Additional time is needed for additional pre-indictment discovery to be gathered, produced, and analyzed, for the parties to be prepared for indictment. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the

provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 45 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the Defendant in the filing of a speedy indictment for the reasons stipulated and found above.

IT IS SO ORDERED.

Dated and entered this ___20th___ day of __September__, 2025.

                                                Hon. Therese Wiley Dancks
                                                U.S. Magistrate Judge